DONALD P. EICHHORN (SBN 139863)
Email: Donald.Eichhorn@wilsonelser.com
DENNIS J. RHODES (SBN 168417)
Email: dennis.rhodes@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California  94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, | CASE NO. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| vs. | |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendant. | |

### NOTICE OF REMOVAL OF DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.

PLEASE TAKE NOTICE that Defendant Samsung Electronics America, Inc. ("Samsung"), by and through undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California, Alameda County, to the United States District Court for the Northern District of California, under 28 U.S.C. §§ 1332, 1441, and 1446, based on the following grounds:

1.  On or about October 19, 2018, Plaintiff, Encompass Insurance Company ("Encompass"), commenced an action against Samsung by filing a Complaint that was assigned Case No. HG18927182 in the Superior Court for the State of California, Alameda County. Samsung was never served with process of the initial action.

2.	Thereafter, on or about January 24, 2019, Plaintiff filed a first amended complaint, which Plaintiff served on Samsung on February 8, 2019.  A Proof of Service of Summons was thereafter filed by Encompass on or about February 15, 2019.  A copy of the Summons, the original complaint and the First Amended Complaint ("the Complaint"), and the Proof of Service of Summons, are attached as Exhibit "A" to the Declaration of Dennis J. Rhodes submitted in support of this Notice of Removal.

3.	As further set forth below, this case is properly removable to this Court under 28 U.S.C. § 1441 because Samsung has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

4.	Venue is proper in this Court under 28 U.S.C. §§ 1441 because the Superior Court for the State of California, Alameda County, is located within the Northern District of California.

5.	Under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Samsung, which papers include the Summons and Complaint, are attached as Exhibit "A" to the Declaration of Dennis J. Rhodes submitted in support of this Notice of Removal.

**SAMSUNG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6.	Samsung was served with the Summons and Complaint in this action on February 8, 2019.  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

7.	Encompass is a corporation organized under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois.  Encompass, therefore, is a citizen of Illinois for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

8.	Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business located in New Jersey. Accordingly, Defendant Samsung Electronics America, Inc. is a citizen of the States of New York and New Jersey for the purposes of determining this Court's subject matter jurisdiction. See 28 U.S.C. § 1332(c).

9.	Thus, Encompass and Samsung are citizens of different states.

10. In this subrogation action, Encompass seeks to recover funds in the amount of $539,196.58 which it paid to its insured to a cover claim for property damage. (See Complaint, ¶14.) Therefore, the amount in controversy in this action exceeds the sum of $75,000.00.

11. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the clerk of the Superior Court for the State of California, Alameda County.

12. Accordingly, Samsung has demonstrated that removal is appropriate.

13. No previous application has been made for the relief requested herein.

14. In undertaking this analysis, Samsung does not concede the truth of any of the allegations set forth in the Complaint. Thus, all paragraphs and provisions contained herein are adversarial in nature, operate under all necessary assumptions and presumptions, and are set forth for the limited purpose of removing said matter to Federal Court.

WHEREFORE, based on the foregoing, Samsung respectfully removes this action from the Superior Court for the State of California, Alameda County, bearing case number HG18927182, to this Court.

Dated: March 11, 2019         WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP

                              By:_____/s/ Dennis J. Rhodes_____
                                      Donald P. Eichhorn
                                      Dennis J. Rhodes
                                      Attorneys for Defendant
                                      SAMSUNG ELECTRONICS AMERICA, INC.

*Encompass Insurance Company v. Samsung Electronics America, Inc.*
U.S.D.C., Northern Dist. California Case no.
Alameda County Case No. HG18927182

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☒: **By United States Mail.** I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐: **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐: **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐: **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which was printed out, is attached.

☐: **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Eric M. Schroeder, Esq.
Schroeder Loscotoff LLP
7410 Greenhaven Drive, Suite 200
Sacramento, CA 95813
Email: emschroeder@calsubro.com
Tel.: (916) 438-8300
Fax: (916) 438-8306
***Attorneys for Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

1

NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
2176156v.1

EXECUTED on March 11, 2019, at San Francisco, California.

_____
Socorro Lee